CHERI ATTIX ESQ.
Cal. State Bar No.: 185731
Law Office of Cheri Attix
555 West Beech Street, Suite 503
San Diego, CA 92101
(619) 230-1804 (tel.)
(619) 235-8822 (fax)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akberet GHEBRE, <br><br> v. <br><br> Michael CHERTOFF, Secretary, Dept. of Homeland Security; Emilio T. GONZALEZ, Director, U.S. Citizenship & Immigration Service (U.S. CIS); Christina POULOS, Director, U.S. CIS California Service Center <br>    Defendants. | '08 CV 1097 DMS BLM <br><br> Doc. No._____ <br><br> Agency No.: A46-085-965 <br><br> **COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS** |

Plaintiff, by and through her attorney, complaining of the Defendants alleges as follows:

1. Plaintiff, Akberet Ghebre, is a native of Eritrea and a citizen of the United States who resides within the jurisdiction of this Court.

1

2. The Plaintiff's claim to relief arises under sections 201(b)(2)(A)(i), 204(a), and 205 of the Immigration and Nationality Act (INA); 8 U.S.C § 1151(b)(2)(A)(i), 8 U.S.C. § 1154(a), 8 U.S.C. § 1155, and under 8 CFR §§ 204.1 and 205.2.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, an agency of the United States government. Defendant Emilio T. Gonzalez, is the Director of the U.S. Citizenship and Immigration Service (U.S. CIS), an agency of the United States government within the Department of Homeland Security. Defendant Christina Poulos is the Director of the California Service Center of the U.S. CIS. All Defendants are sued in their official capacity. Plaintiff alleges, on information and belief, that the Defendants have a role in the adjudication and revocation of immigrant petitions for alien relatives under sections 204(a) and 205 of the Immigration and Nationality Act (INA).

## JURISDICTION

4. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the laws of the United States, specifically sections 201(b)(2)(A)(i), 204(a) & (b), and 205 of the Immigration and

Nationality Act (INA); 8 U.S.C. §§ 1151(b)(2)(A)(i); 1154(a) & (b); 1155, and applicable regulations. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

5. There are no administrative remedies available to the Plaintiff to redress the grievances described herein. This action challenges only the Defendants' procedural policies and practices, not the granting or denial of individual applications. Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. §1252 are not applicable.

**FACTUAL & STATUTORY BACKGROUND**

6. Plaintiff Akberet Ghebre immigrated to the United States through the Diversity Visa (a.k.a. Visa Lottery) Program, and became a citizen of the United States through naturalization on December 19, 2003. She seeks to immigrate her husband, Petros K. Ogbazghi, a citizen of Eritrea.

7. U.S. Citizens have the right to petition to immigrate their spouses as "immediate relatives," meaning that once an immigrant petition is approved it will be immediately forwarded to the U.S. Embassy in the

3

spouse's country of residence for interview and visa issuance. INA §§ 201(b)(2)(A)(i); 204(a), (b); 8 U.S.C §§ 1151(b)(2)(A)(i); 1145(a), (b). An approved immigrant petition may be revoked only after notice to the petitioner. 8 CFR § 205.2(b). The regulation provides that, "the Petitioner [...] must be given the opportunity to offer evidence in support of the petition [...] and in opposition to the grounds alleged for revocation of the approval." 8 CFR § 205.2(b).

8. Ms. Ghebre and Mr. Ogbazghi were married on February 3, 2003 in Asmara, Eritrea.

9. After returning to the United States, Ms. Ghebre filed a form I-130, Petition for Immigrant Relative, for her husband. (Filing receipt number WAC-04-025-50605). This petition was filed on November 5, 2003 and approved by U.S. CIS on July 13, 2004. The approved petition was then forwarded to the U.S. Embassy in Asmara, Eritrea for visa issuance.

10. Mr. Ogbazghi was interviewed at the U.S. Embassy in Asmara, Eritrea on September 22, 2005. No decision was made regarding visa issuance on that day. For several months, neither Mr. Ogbazghi or Ms. Ghebre received any communication from the U.S. Embassy regarding visa issuance.

11. On August 3, 2006, Mr. Ogbazghi appeared at the Embassy and attempted to schedule an appointment. He was told that he could not make an appointment and that Ms. Ghebre's petition had been returned to U.S. CIS as "not clearly approvable."

12. Ms. Ghebre, through the office of her Congressional Representative, Susan Davis, sent an inquiry to the Embassy, asking why the petition was being returned. The Embassy responded, stating that there had been a misunderstanding, and requesting that Mr. Ogbazghi reappear for interview on August 31, 2006 and bring documentation to prove that his marriage was bona fide.

13. Mr. Ogbazghi appeared for interview on August 31, 2006 and presented a packet of documents, including photos and correspondence with Ms. Ghebre. The Embassy accepted the new evidence, but did not make a decision on visa issuance.

14. In response to a follow up inquiry from Congresswoman Susan Davis' office, the Embassy scheduled another appointment for Mr. Ogbazghi on October 12, 2006. He appeared for the appointment and was simply told that his case was being returned to U.S. CIS. He was not given any reason for the decision.

15. On December 12, 2006, the U.S. CIS California Service Center notified Ms. Ghebre that it had received the visa petition back from the Department of State with a request that it be reviewed. Ms. Ghebre was advised by the California Service Center that she would be notified when any action was taken on the case.

16. Since that time, Ms. Ghebre has not been notified of any action.

17. Every three months since receiving notice that the petition had been returned, Ms. Ghebre has returned to Congresswoman Davis' office and that office has made a telephonic inquiry with U.S. CIS. Every inquiry has received the same response: the case is pending, check back after three months.

18. The Plaintiff has been waiting 19 months to either be notified that U.S. CIS was affirming her petition and sending it back to the Embassy for visa issuance, or that it intended to revoke that petition and was giving her an opportunity to respond.

19. The Plaintiff has no administrative remedies to exhaust.

20. As of the filing of this complaint, this matter has not been satisfactorily resolved by the Defendants.

21. Defendants' failure to act in this case is, as a matter of law, arbitrary and not in accordance with the law.

22. The Plaintiff has been greatly damaged by the failure of the Defendants to act in accord with their duties under the law.

23. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. 701 et seq. are unlawfully withholding or unreasonably delaying action on the Plaintiff's immigrant relative petition and have failed to carry out the adjudicative and administrative functions delegated to them by law and regulation.

Wherefore, Plaintiffs respectfully ask that the Court:

A. Order the Defendants to make a determination whether they will affirm or revoke the I-130 petition filed by Ms. Ghebre in 2003, and, if the decision is to revoke, order the Defendants to give Ms. Ghebre notice of the alleged grounds for revocation and the opportunity to respond as required by the regulations;

B. Award reasonable attorney's fees; and

C. Grant such other relief as the Court deems just, equitable and proper.

Dated: 6/20/08

Cheri Attix, Esq.
Law Office of Cheri Attix
Attorney for Plaintiff

```
              UNITED STATES
              DISTRICT COURT
          SOUTHERN DISTRICT OF CALIFORNIA
                SAN DIEGO DIVISION

              # 152149      - TC

                June 20, 2008
                  15:28:38


                Civ Fil Non-Pris
        USAO #.: 08CV1097
        Judge..: DANA M SABRAW
        Amount.:                    $350.00 CK
        Check#.: BC1807



            Total->   $350.00


        FROM: AKBERET GHEBRE
              VS.
              MICHAEL CHERTOFF, ET AL.
```

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Akberet GHEBRE

## DEFENDANTS
Michael CHERTOFF, Secretary, Dept. of Homeland Security et al.

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**08 CV 1097 DMS BLM**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Cheri Attix, 555 W. Beech St., #503,
San Diego, CA 92101, 619-230-1804

Attorneys (If Known)
Office of the U.S. Attorney, Civil Division,
110 W. Broadway, 15th Fl, San Diego, CA 92101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 720 Labor/Mgmt. Relations / ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 USC §1331, 8 USC § 1361
Brief description of cause:
Action in Mandamus to compel Administrative Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 6/20/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 152149   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JAC 6/20/08